■ In the Matter of the Claim of ADOLF ECKHAUS, Respondent, v. ADECK STORE, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board discharging the Special Disability Fund from liability. A prior appeal involved other issues. (11 A D 2d 569, revd. 11 N Y 2d 862.) To invoke the provisions of subdivision 8 of section 15 of the Workmen's Compensation Law it is required that the employer know that the nature of the employee's condition to be such as to amount to a permanent impairment and that action taken by the employer in continuing the employment be by an informed decision based on such knowledge (Matter of Zyla v. Juilliard & Co., 277 App. Div. 604). We have stated in a dual interest case that it may not be held as a matter of law that the officer-employee situation cannot fall under the provisions of subdivision 8 of section 15 (Matter of Alpert v. Tower Yarn Corp., 16 A D 2d 193). The claimant is the operator and sole owner and president of the employer-corporation. He had been a diabetic for approximately 20 years. He suffered a heart attack in an industrial accident for which he was awarded compensation. There was medical testimony from which it could be found

that the claimant's disability after the heart attack was materially and substantially greater than it would have been without the pre-existing diabetes. The question of policy involved in the continuation of a claimant in employment by the corporation of which he was the sole owner could not be reached without a finding that the employer was possessed of the requisite knowledge of his condition as, in the absence of such knowledge, there would be no policy to consider and determine and no basis for an "informed decision". The board decided "it is not established that the employer had formed an opinion or belief prior to the accident as to the nature of the prior diabetic condition, and that therefore knowledge of pre-existing permanent physical impairment under Section 15-8 is not established." The facts support the board's findings and decision. The claimant's testimony was in some respect equivocal but, while another trier of the facts might have found that the employer had knowledge of the permanence of the diabetic condition, there is little in the record that would support a finding of knowledge that the condition was such an impairment as to constitute a hindrance to employment. Decision affirmed, with costs to respondent Special Disability Fund. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.